### UNITED STATES of America, Plaintiff,

v.

**BLOCK 44, LOTS 3, 6, Plus the West 80 Feet of Lots 2 and 5, being a parcel of land making up a portion of Block 44, Hart's Map of Jacksonville, recorded in Deed Book 1614, Page 1 of the current public records of Duval County, Florida; The Windsor Corporation; and John Does, all unknown heirs, devisees, creditors, trustees, or other claimants, by, through, under, or against the property herein, Defendants.**

No. 96–0617–Civ–J–21–C.

United States District Court,
M.D. Florida,
Jacksonville Division.

May 8, 1997.

---

Bonnie A. Glober, Asst. U.S. Atty., Jacksonville, FL, for Plaintiff.

Robert S. Yerkes, Jacksonville, FL, for Defendants.

## ORDER

NIMMONS, District Judge.

This cause comes before the Court on Plaintiff's Objections to Magistrate Judge's Order, etc. (Dkt. 59) and Defendant Windsor Corporation's Response (Dkt. 64) in Opposition thereto. Also filed herein is Plaintiff's First Motion for Continuance (Dkt. 58) to which no response has been filed.

This is an eminent domain action initiated by the United States and involving a parcel of property in downtown Jacksonville. Prior to initiation of this suit, and pursuant to 42 U.S.C. § 4651, the General Services Administration complied with the hortatory provisions of that statute, hired an outside appraiser to conduct an appraisal of the subject property, and made an offer to purchase based on the property's determined fair market value. The owners of this parcel, Defendants herein, rejected that offer. Thereafter the United States initiated this action to condemn the land.

The subject of this Order is the Magistrate Judge's March 27, 1997, Order (Dkt. 56) granting in part the Defendant's motion to compel and directing the United States to produce certain discovery relating to the government's aforementioned pre-condemnation valuation of, and pre-condemnation offers to purchase, the subject property. The Plaintiff timely filed his objections thereto and the Court, by Order (Dkt. 62) stayed enforcement of the Magistrate Judge's Order pending resolution of Plaintiff's Objections. In its Objections, Plaintiff argues that the Magistrate Judge's Order is clearly erroneous and contrary to law, and thus should be overruled by this Court, pursuant to Rule 72(a), Federal Rules of Civil Procedure (FRCP). More specifically, Plaintiff takes issue with the Magistrate Judge's interpretation of ostensibly conflicting circuit precedent on the issue of the admissibility of pre-condemnation valuations of property that later becomes the subject of a condemnation action.

As Plaintiff succinctly notes, the "clearly erroneous or contrary to law" standard of FRCP 72(a) provides for the District Court's modification or setting aside of a Magistrate Judge's ruling if, upon review thereof, the District Court is "left with the definite and firm conviction that a mistake has been made." Having reviewed the Magistrate Judge's Order of March 27, 1997, the Plaintiff's Objections thereto, and Defendant's Response to those Objections, as well as the Plaintiffs underlying Response (Dkt. 51) opposing the Defendant's motion to compel that was granted by the challenged Order, the Court finds itself devoid of any conviction that a mistake has been made, and therefore concludes that the challenged portion of the Magistrate Judge's subject Order is neither clearly erroneous nor contrary to law.

As noted above, the Plaintiff's Objections rest upon the ostensible conflict between the cases of *United States v. 320.0 Acres of Land,* 605 F.2d 762 (5th Cir.1979) and *Hoover v. United States Dep't. of the Interior,*

611 F.2d 1132 (5th Cir.1980).[1] In a nutshell, the panel in *320.0 Acres* held that § 4651 materials are admissible in certain circumstances, while the panel in *Hoover* held that the same materials were not discoverable. The Magistrate Judge was simply not wrong to follow the *320.0 Acres*, the earlier panel decision, in the absence of subsequent *en banc* decision reconciling the apparent conflict between *Hoover* and *320.0 Acres. See Local Union 48 Sheet Metal Workers v. S.L. Pappas & Company, Inc.*, 106 F.3d 970, 975 (11th Cir.1997) (stating Eleventh Circuit "prior panel decision rule"). In addition, the Magistrate Judge also looked to the context of *Hoover*, which arose under the Freedom of Information Act and involved an attempt to obtain § 4651 materials prior to the conclusion of negotiations, and found it distinguishable from *320.0 Acres*, which arose in the context of a condemnation action after negotiations had been abandoned and an eminent domain action commenced. Although the Magistrate Judge may not have explored the distinctions between these cases to the depths undertaken by Plaintiffs, the Order is not contrary to law. The Order fully addressed the arguments of counsel and the applicable case law and correctly determined that the United States could be compelled to produce the § 4651 materials. Such conclusion is not clearly erroneous.[2] Plaintiff's Objections will therefore be overruled.

Previously, this case was set for trial during the Court's May 1997 Trial Term. In late January, Defendants filed an unopposed motion seeking to extend discovery. The Court granted such extension and reset the dispositive motion deadline, Final Pretrial Conference date, and Trial date accordingly, setting this matter for trial during the Court's July Trial Term. Plaintiff has now filed the instant motion seeking a continuance of that trial date, based on the unavailability of one of Plaintiff's expert appraisers during the entire month of July 1997. Counsel for Plaintiff represents that Plaintiff does not object to the granting of this continuance and that counsel for defendant "would not state that [Defendant] did not oppose the motion," and authorized counsel for Plaintiff to state "that Defendant had no position on the motion." Plaintiff's motion represents that counsel for the both parties have multiple various conflicts throughout the months of August, September, and early October. The Court will grant the motion and continue trial in this matter until the November 1997 Trial Term, which commences November 3, 1997. A new pretrial date will also be set.

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1. Plaintiff's Objections to Magistrate Judge's Order, etc. (Dkt. 59) are **OVERRULED.**

2. The stay imposed by the Court's April 16, 1997, Order (Dkt. 62) on enforcement of the Court's Order (Dkt. 56) of March 27, 1997, is hereby **VACATED.**

3. Per Order (Dkt. 63) of April 23, 1997, the Magistrate Judge has indicated that, as necessary following the undersigned's ruling on Plaintiff's Objections, he (the Magistrate Judge) will establish new dates for compliance with the various provisions of his March 27, 1997, Order on the Motion to Compel.

4. Plaintiff's First Motion for Continuance (Dkt. 58) is **GRANTED.**

5. This case is **REMOVED** from the Court's July 1997 Trial Calendar and the Final Pretrial Conference scheduled for May 27, 1997, is **CONTINUED.**

6. The Deputy Clerk is **DIRECTED** to place this case on the Court's November 1997 Trial Term, which term commences November 3, 1997.

7. The Deputy Clerk is also **DIRECTED** to schedule this case for a Final Pretrial Conference before the undersigned on a date

---

**1.** Both of these cases are, of course, binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions rendered by the former Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981).

**2.** Plaintiff also argues at length that *320.0 Acres* is bad policy. Plaintiff argues this point as detailed in pages 13–18 of its, March 3, 1997, Response (Dkt. 59) thoroughly and thoughtfully. However, the determination, if any, that *320.0 Acres* is bad policy must come, in the first instance, from the Eleventh Circuit.

and time on September 30, October 1, or October 2, 1997.